**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**April M. WILBUR, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**C. Marvin Wilbur, aka Marvin Wilbur, Sr., Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Brenda R. Wilbur, Defendant–Appellant.**

United 'States of America,
Plaintiff–Appellee,

v.

Joan C. Wilbur, Defendant–Appellant.

Nos. 12–30355, 12–30356,
12–30357, 12–30363.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2013.

Filed Jan. 15, 2014.

Helen J. Brunner, Esquire, Assistant U.S., Richard Edward Cohen, Assistant U.S., J. Tate London, Assistant U.S., Michael Symington Morgan, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Suzanne Lee Elliott, Esquire, Law Offices of Suzanne Lee Elliott, Seattle, WA, for Defendant–Appellant.

Before: SCHROEDER and PAEZ, Circuit Judges, and BENITEZ, District Judge.*

MEMORANDUM **

The Wilburs appeal the district court's denial of their joint motion to withdraw their guilty pleas following this court's remand for re-sentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The Wilburs' guilty pleas were conditioned upon their right to raise a due process challenge on direct appeal. They contend that a prior panel of this Court failed to consider their challenge.

The district court was correct in finding that a prior panel of this Court had fully considered and addressed the due process arguments, as evidenced by the opinion in *United States v. Wilbur*, 674 F.3d 1160, 1179 (9th Cir.2012), and the Wilburs' petition for rehearing and the denial of that petition. That determination is sufficient to conclude that the district court did not abuse its discretion in denying the Wilburs' joint motion to withdraw their guilty pleas after remand.

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.